## HUGO NORDICK *vs.* THE AMERICAN SHIP MANGA REVA.

### June 12, 1906.

*Money tendered and paid into court by libellee:*
When judgment is rendered libellee for a further sum with costs, any balance of such deposit remaining in court is liable for such costs.

*In Admiralty*: Motion for withdrawal of deposit.

*Geo: A. Davis,* Proctor for Libelant.
*Kinney, McClanahan & Derby,* Proctors for Libellee.

DOLE, J. In this case the libelant was disrated soon after leaving port. He claimed such wages as he would have been entitled to if he had not been disrated. The amount which he was entitled to under the deduction of his wages by the disrating was not disputed and made no issue in the case, although he had not collected it. This amount was paid into court by the libellee before trial, although some evidence had been previously taken for the convenience of the libelant. The court dismissed the case for such extra wages and awarded costs to the libellee; thereupon, counsel for libelant moved for an order to allow libelant to withdraw such deposit, he having already

been allowed to withdraw a portion of it for his living expenses.

Rule 38 of the United States District Courts rules in admiralty is as follows:

" The libelant may at any time on notice take order for the withdrawal of so much of the tender or amount deposited as the court may allow, without prejudice to his subsequent litigation for a larger amount, leaving in the registry a sum sufficient to cover the defendant's costs, in case the amount deposited should be held in this court, or in any Appellate Court, to be sufficient to meet the libelant's demand."

In *Califarno v. MacAndrews, et al.,* 51 Fed. Rep. 300, 301-302, the court said on this question:

"As the libelant is entitled, in any event, to the benefit of the whole deposit, neither party can be benefited by, or have any interest in, the detention of the fund in the registry during the subsequent litigation, beyond what is necessary for a reasonable indemnity against future costs. It is but just, however, that the respondent, who has paid his money into court, should not be required, in case of his ultimate success, after appeal it may be, to look to the security of the libelant's bond alone for the considerable amount of costs which in that case would accrue in his favor. Complete equity will be done, and the interests of both parties subserved, if a sufficient sum be reserved to cover all such prospective costs, and the residue of the fund be at once paid over to the libelant."

See also *Dillenbeck v. Rossend Castle,* 30 Id. 462, 464.

Under these authorities, it is clear that money so deposited in court by the libellee as a tender, although belonging in this case to the libelant, yet is subject to the further order of the court as to possible costs awarded against the libelant.

The motion is therefore overruled.